UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANDREW BORSCHELL | ECF Case |
| Plaintiff | Case Number: 1:11-cv-04584-AKH |
| vs. | CIVIL COMPLAINT |
| PLAZA ASSOCIATES, INC. | JURY TRIAL DEMANDED |
| Defendant | |

**COMPLAINT AND JURY DEMAND**

**COMES NOW,** Plaintiff, Andrew Borschell, by and through his undersigned counsel, Bruce K. Warren, Esquire of Warren & Vullings, LLP, complaining of Defendant and respectfully avers as follows:

### I.   INTRODUCTORY STATEMENT

1.  Plaintiff, Andrew Borschell, is an adult natural person and brings this action for actual and statutory damages and other relief against Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## II.     JURISDICTION

2.      Jurisdiction of this court arises under 15. U.S.C. § 1692k(d) and 28 U.S.C. §1337.

3.      Venue in this District is proper in that Defendant maintains a primary place of business here.

## III.    PARTIES

4.      Plaintiff, Andrew Borschell, is an adult natural person residing in Philadelphia, PA.  At all times material and relevant hereto, Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a (2).

5.      Defendant, Plaza Associates, Inc. at all times relevant hereto, is and was a corporation engaged in the business of collecting debt in the State of New York with a principal place of business located at 370 Seventh Avenue, New York, NY 10001-3900.

6.      Defendant is engaged in the collection of debts from consumers using the telephone and mail.  Defendant regularly attempts to collect consumer debts alleged to be due to another.  Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

## IV.    FACTUAL ALLEGATIONS

7.      On May 12, 2011 Plaintiff placed a phone call to 866-237-3366 after noticing two missed phone calls on his home telephone.

8.      Plaintiff spoke with a male agent of Defendant who explained that Defendant was collecting a debt owed to T-Mobile in the amount of $180.14.

9. Plaintiff disputes the validity of any $180.14 balance owed to T-Mobile.

10. Plaintiff was told by Defendant's agent that the account could be settled for $122.50, and Plaintiff informed the agent that he would wait to receive something in writing from Defendant because he disputes the alleged debt.

11. On May 18, 2011 Plaintiff placed a second phone call to Defendant in an attempt to discuss Defendant's recent letter that he received on or about May 12, 2011. See a copy of the letter appended hereto and marked "**EXHIBIT A**".

12. Plaintiff spoke with "Pauline," an agent of Defendant, who reiterated Defendant's intention to collect an outstanding debt owed to T-Mobile for $180.14.

13. Plaintiff expressed apprehension over the amount Defendant was attempting to collect, and he told "Pauline" that he believed the $180.14 was inaccurate.

14. Plaintiff went on to state that he was under the impression that T-Mobile had demanded roughly $144 in the past, which is significantly less than what Defendant claims is owed.

15. "Pauline" then clarified that the specific amount of $144.11 is owed to T-Mobile.

16. Plaintiff, utterly confused, then inquired as to how the amount owed is $144.11 when Defendant's initial dunning letter demands $180.14

17. "Pauline" took a moment to check with her supervisor and eventually notified Plaintiff that there was a $36.03 collection fee automatically applied by T-Mobile when the account was forwarded to Defendant, although, Plaintiff could settle the account for $144.11.

18. Plaintiff told "Pauline" that he would have to check into the matter and follow up at a later date.

19. On May 25, 2011 Plaintiff received a call to his cellular phone from a different female agent of Defendant who again attempted to collect the alleged debt.

20. After a brief conversation, the agent abruptly ended the phone call with Plaintiff when he began to inquire about the inflated balance.

21. Plaintiff promptly returned a call to Defendant's office where he was transferred to "Raph."

22. Plaintiff took a moment to explain to "Raph" his ongoing concern regarding the seemingly fluctuating amount that Defendant was attempting to collect.

23. "Raph" then stated to Plaintiff, that although Defendant demanded a $180.14 balance which included a $36.03 collection fee, Plaintiff could also settle the account for either $144.11 or the lesser amount of $122.50 which was outlined in Defendant's initial dunning letter as a settlement option.

24. Plaintiff, at this point downright perplexed, asked "Raph" how it was possible that he had the choice of three separate, unrelated settlement amounts that would accomplish the same goal.

25. "Raph" explained to Plaintiff that although all three figures would finalize the account, paying $180.14 would be the best option if Plaintiff valued his "financial records."

26. Upon information and belief, Defendant's agents spun a collective web of confusion that served no other purpose than to lull Plaintiff into a false sense of security by allowing him to pay a smaller dollar amount to "settle" the account, only to later demand

the rest of the balance, or forward the account to a different collection agency who would do the same.

27. Furthermore, by demanding $180.14 which includes a collection fee applied by Defendant instead of the true amount of $144.11 that T-Mobile's records would indicate is correct, Defendant is attempting to stay "a step ahead" of Plaintiff by fabricating an amount in excess of what is rightfully owed.

28. Defendant acted in a false, deceptive, misleading and unfair manner by threatening to take action that it did not intend to take for the purpose of coercing Plaintiff to pay the debt.

29. Defendant knew or should have known that their actions violated the FDCPA. Additionally, Defendant could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

30. At all times pertinent hereto, Defendant were acting by and through its agents, servants and/or employees, who were acting with the scope and course of their employment and under the direct supervision and control of Defendant herein.

31. At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

32. As a direct consequence of Defendant's acts, practices and conduct, Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

33. Defendant's conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

## COUNT I – FDCPA

34. The above paragraphs are hereby incorporated herein by reference.

35. At all times relevant hereto, Defendant was attempting to collect an alleged debt which was incurred by the Plaintiff for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

36. The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of 15 U.S.C. § 1692:

> § 1692d: Any conduct that natural consequence of which is to harass, oppress or abuse any person
>
> § 1692e: Any other false, deceptive or misleading representation or means in connection with the debt collection
>
> § 1692e(2): Character, amount, or legal status of the alleged debt
>
> § 1692e(8): Threatens or communicates false credit information
>
> § 1692e(10): Any false representation or deceptive means to collect a debt or obtain information about a consumer
>
> § 1692f: Any unfair or unconscionable means to collect or attempt to collect the alleged debt

§ 1692f(1): Attempt to collect any amount not authorized by the agreement creating the debt or permitted by law

**WHEREFORE**, Plaintiff respectfully requests that this court enter judgment in his favor and against Plaza Associates, Inc. for the following:

a. Actual damages;

b. Statutory damages pursuant to 15 U.S.C. §1692k;

c. Reasonable attorney's fees and costs of suit pursuant to 15 U.S.C. §1692k; and

d. Such addition and further relief as may be appropriate or that the interests of justice require.

## V. JURY DEMAND

Plaintiff hereby demands a jury trial as to all issues herein.

**Respectfully submitted,**

**WARREN & VULLINGS, LLP**

**Date: June 28, 2011**     **BY:** /s/ _____
Bruce K. Warren, Esquire

Warren & Vullings, LLP
93 Old York Road, Suite 333
Jenkintown, PA 19046
215-745-9800   Fax 215-745-7880
Attorney for Plaintiff